FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 22, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRENDA P.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | No. 1:19-cv-03142-MKD <br><br> **ORDER DENYING MOTION TO DISMISS, VACATING SCHEDULING ORDER, AND SETTING DEADLINE FOR COMPLIANCE WITH FED. R. CIV. P. 25** <br><br> **ECF No. 13** |

This action is now before the Court to address issues arising from the death of the Plaintiff informed by Plaintiff's counsel's "Motion to Dismiss." ECF No.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.

[2] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

13. Plaintiff is represented by Nicholas Jordan. Defendant is represented by Michael Howard. The parties consented to proceed before a magistrate judge. ECF No. 7. The Court expedites consideration of this matter without awaiting response from Defendant due to the inadequacy of Plaintiff's counsel's Motion under Fed. R. Civ. P. 25.

## BACKGROUND

On June 20, 2019, Plaintiff filed an appeal of an administrative law judge's denial of her application for disability insurance benefits under Title II of the Social Security Act. ECF No. 1. On November 21, 2019, Plaintiff's counsel filed a Motion to Dismiss, on behalf of the deceased Plaintiff, stating the Plaintiff had passed away on October 29, 2019 and attaching an obituary. ECF No. 13. The Motion requests the dismissal of the case based on counsel's representation that the decedent's "family and estate does not wish to proceed with this claim." ECF No. 13 at 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 25 outlines the procedure required for dismissal of a claim upon a party's death where the claim is not extinguished:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Pursuant to the Ninth Circuit's interpretation of the rule, there are two requirements to trigger the 90-day period. "First, a party must formally suggest the death of the party upon the record." *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Second, the suggestion of death must be served on the parties to the action pursuant to Federal Rule of Civil Procedure 5, "while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Id.*; Fed. R. Civ. P. Rule 25(a)(3); *see also Gilmore v. Lockard*, 936 F.3d 857, 865-67 (9th Cir. 2019) ("where a party files a suggestion of death, it must do so in a manner that puts all interest parties and nonparties on notice of their claims in order to trigger the 90-day window."). Personal service of the suggestion of death " 'alerts the nonparty to the consequences of death to a pending suit, signaling the need for action to preserve the claim if so desired.' " *Barlow*, 39 F.3d at 233 (quoting *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985)).

## DISCUSSION

Neither of Rule 25(a)'s requirements have been satisfied in this action.

**A. Claim is Not Extinguished**

Plaintiff's counsel's motion does not explicitly address whether Plaintiff's claim survives her death, however, the survival of the claim is implied in counsel's

representation that Plaintiff's family and estate has informed him that they do not wish to proceed with the claim. In fact, Plaintiff's death does not extinguish her Title II claim, thus Rule 25 applies. *See Fowler v. Astrue*, No. 8:09-CV-1368-T-27MAP, 2010 WL 454765, at *1 (M.D. Fla. Feb. 9, 2010) (supplemental security income benefits extinguished on death of son and parents limited to seeking review of denial of son's disability insurance benefits); *Reveles v. Comm'r of Soc. Sec.*, No. CV-17-1024-PHX-DKD, 2018 WL 330053 (D. Ariz. Jan. 9, 2018) (claimant death extinguished her Title XVI claim and left only her Title II claim for adjudication).

**B. Suggestion of Death**

The Court finds Plaintiff's counsel's Motion to Dismiss is insufficient to constitute a formal suggestion of death. First, it is not captioned as a suggestion of death and the "mere reference to a party's death in court proceedings or pleadings is not sufficient." *Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990). More importantly, the Motion's intended purpose is not to alert the decedent's successor or representative " 'to the consequences of death to a pending suit, signaling the need for action to preserve the claim if so desired.' " *Barlow*, 39 F.3d at 233 (quoting *Fariss*, 769 F.2d at 962).

Even if the Motion were construed as a suggestion of death, it is unclear whether Plaintiff's counsel has the proper authority to file it. The Rule itself is

ORDER - 4

silent as to who is permitted to file a suggestion of death.[3] However, Plaintiff's counsel is not a "party." *Barlow*, 39 F.3d at 233. There are a number of cases holding that the deceased party's attorney has no authority to make the suggestion of death since he is neither a party nor a "representative of the deceased party," of the sort contemplated by the rule. *See Hightower v. Birdsong*, No. 15-cv-03966-YGR (PR), 2018 WL 4005374, *4 (N.D. Cal. Aug. 17, 2018) (attorney for deceased client had no continuing authority to represent now-deceased client and file the statement of death); *Woodson v. City of Richmond, Va.*, No. 3:13-cv-134, 2014 WL 7462509, at *1 (E.D. Va. Dec. 31, 2014) ("Under Rule 25(a)(1), a deceased party's lawyers are not permitted to file a statement noting the party's death because the lawyers do not qualify as either a party or a representative or successor of the deceased party."); *Schmidt v. Merrill Lynch Trust Co.*, No. f:07-

---

[3] The Advisory Committee Notes to the 1963 Amendment of the rule suggests the drafters of the rule intended to limit those who were entitled to file a statement noting death:

> A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. If a party *or the representative of the deceased party* desires to limit the time within which another may make the motion, *he may do so by suggesting the death upon the record*.

Fed. R. Civ. P. 25 advisory committee's note (emphasis added).

ORDER - 5

cv-382-Oc-10GRJ, 2008 WL 2694891, at *3 (M.D. Fla. June 30, 2008) ("deceased party's attorney is not the type of representative contemplated by Rule 25(a)" until she is duly appointed by the decedent's estate or by his representative); *Hilsabeck v. Lane Co., Inc.*, No. 96-2516-GTV, 168 F.R.D. 313, 314 (D. Kan. Aug. 19, 1996) (attorney for deceased party is not proper party to make suggestion of death). Other cases suggest that Rule 25(a) is not so inflexible. *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir. 1998) (holding surviving spouse's statement of fact of death was sufficient to trigger 90–day period, despite fact she was neither a party or a formal or appointed representative of the estate of the decedent); *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) (commenting that the suggestion that decedent's attorney must notify opposing counsel to file the suggestion of the death "strikes us as fussy," where counsel for the decedent is permitted to file a motion for an extension of time).

Though counsel's Motion states he has made contact with Plaintiff's family and estate for the purpose of discussing whether they wish to proceed with this litigation, counsel has not identified with whom he spoke, nor indicated he is the legal representative of Plaintiff's estate. As in *Barlow*, wherein the sole Plaintiff died, the Court warned:

> Non-party successors or representatives of the deceased party, however, may not be protected by the attorney of the deceased party. It is entirely possible that no relationship will exist between them, and that the successor or representative will be represented by other counsel or by no counsel at all.

ORDER - 6

Because of the nonparty's distance from the litigation, it may be that a nonparty will be unaware of the need to act to preserve the claim.

*Barlow*, 39 F.3d at 233. Indeed, Plaintiff's estate could later change position as to whether to carry the litigation forward. The formal procedure outlined in Rule 25(a) serves an important purpose.

### C. Proof of Service

Finally, there is no evidence of service of a statement noting death in the manner required by Rule 25(a)(3).

### CONCLUSION

Where Plaintiff's claim is not extinguished upon death, the Court cannot dismiss this action based upon Plaintiff's counsel's Motion to Dismiss. *See Barlow,* 39 F.3d at 233 (reversing order dismissing case under Rule 25(a) where the 90-day period was not triggered); *Gilmore*, 936 F.3d at 868 (reversing dismissal of claim where 90-day window under Rule 25(a) was never triggered).

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Andrew M. Saul as the Defendant and update the docket sheet.

2. All deadlines set forth in the Court's Scheduling Order, **ECF No. 12**, are **STRICKEN**.

3. Plaintiff's counsel's Motion to Dismiss**, ECF No. 13**, is **DENIED**.

4. Although Rule 25 does not contain a time limit for filing the statement

ORDER - 7

noting death, in order to ensure this case is timely resolved, the statement noting death shall be filed and served, with proof thereof filed of record, by not later than **December 31, 2019**, unless substitution is otherwise ordered in advance of this date.

5. Upon the filing of both the statement noting death and evidence of service as required by Rule 25(a)(3), the 90-day period for substitution will commence. Fed. R. Civ. P. 25 (a)(1). If no motion for substitution is made within the 90-day period, **THIS ACTION WILL BE DISMISSED**.

The District Court Executive is directed to file this Order and furnish copies to counsel.

DATED this November 22, 2019.

s/*Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 8